UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| MCMG CAPITAL ADVISORS, INC. | CIVIL ACTION NO. 6: 17-cv-00614 |
| VERSUS | MAGISTRATE JUDGE HANNA |
| FOOD-N-FUN, INC., ET AL | BY CONSENT OF THE PARTIES |

## MEMORANDUM RULING

Currently pending is the motion for summary judgment [Rec. Doc. 30], which was filed by defendant, Todd Street. The motion is opposed and oral argument was held on January 25, 2018. Considering the evidence, the law, and the arguments of the parties, and for the reasons fully explained below, this Court grants the motion and dismisses the plaintiff's claims against Todd Street with prejudice.

## BACKGROUND

On February 12, 2016, the plaintiff, MCMG Capital Advisors, Inc. ("MCMG") entered into a Merger & Acquisition Financial Services Agreement ("Agreement") with defendants Food-N-Fun, Inc. ("Food-N-Fun") and Todd Street. In the Agreement, MCMG agreed to provide certain financial consulting as well as merger and acquisition advisory services for the sale of the equity and assets of Food-N-Fun. In exchange for these services, MCMG would be compensated with a transaction fee if a closing occurred during the term of the Agreement or if a closing occurred within

1

fifteen months of the termination of the Agreement and the buyer was identified or had contact with MCMG, Food-N-Fun, or Todd Street during the term of the Agreement. Section 3.2 contains the Agreement's compensation provision, which states in pertinent part[1]:

> "Seller and Company shall, jointly and severally, compensate Matrix for the Services in an amount equal to the sum of One Hundred Thousand Dollars ($100,000), plus three percent (3.0%) of the Transaction Value up to and including Thirty Million Dollars ($30,000,000), plus four percent (4.0%) of all Transaction Value in excess of Thirty Million Dollars ($30,000,000) (the "Transaction Fee")... The Transaction Fee of $100,000 plus the commission percentage shall be paid at closing."
> "... The Company acknowledges and agrees that, during the Term or as provided in Section 4 below, the compensation due Matrix shall be paid as provided in this Agreement whether or not any buyer has been introduced to the Company by Matrix."

Section 4 provides the Term of the Agreement, which states:

> "This Agreement shall remain in full force and effect for a period of one hundred eighty days (180) from the execution date of this Agreement and shall continue thereafter for three (3) successive thirty (30) day renewal periods unless terminated by either Party, in writing, ten (10) days prior to the termination of the original term or any renewal period ("Term"). However, in the event a Closing occurs within fifteen (15) months following the date of termination of this Agreement and such transaction involves a Buyer which Matrix, Company or Seller had identified and had any contact with during the Term of this Agreement for the purpose of attempting to sell the equity or assets of the Company, or otherwise perform Matrix's obligations

---

[1] In the Agreement, MCMG is referred to as Matrix, Food-N-Fun is referred to as Company, and Todd Street is referred to as Seller.

herein, then Company shall compensate Matrix under the same terms and conditions of this Agreement as if this Agreement were in full force and effect."

The Agreement expired by its own terms on or about November 11, 2016 and Food-N-Fun was sold to Retif Oil & Fuel, LLC, a buyer that the parties to the Agreement had contact with during the terms of the Agreement, on or about March 17, 2017. As a result, MCMG filed a complaint against the defendants, jointly and severally, for breach of contract, recovery of contractual attorney's fees, and to revoke the transfer of the proceeds of the sale of Food-N-Fun's assets to Todd Street. Then, Todd Street filed the present motion for summary judgment arguing that he is not obligated to compensate MCMG for a closing that occurs after the expiration of the Agreement.

## **ANALYSIS**

### **A. The Summary Judgment Standard**

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. A fact is material if proof of its existence or nonexistence might affect the outcome of the lawsuit under the

applicable governing law.[2] A genuine issue of material fact exists if a reasonable jury could render a verdict for the nonmoving party.[3]

The Court applies substantive state law in a diversity action.[4] In addition, Section 6.3 provides that the Agreement "shall be construed and enforced under the laws of the State of Louisiana." Therefore, the Agreement will be interpreted in accordance with Louisiana law.

In Louisiana, "contracts have the effect of law for the parties and the interpretation of a contract is the determination of the common intent of the parties."[5] "When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties' intent."[6] In such cases, the meaning and intent of the parties to the written contract must be sought within the four corners of the instrument and cannot be explained or

---

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Sossamon v. Lone Star State of Tex.*, 560 F.3d 316, 326 (5th Cir. 2009); *Hamilton v. Segue Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000).

[3] *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 252; *Hamilton v. Segue Software, Inc.*, 232 F.3d at 477.

[4] *Erie v. Railroad Co. v. Tompkins*, 304 U.S. 64 (1983); see *ACS Construction CO., Inc. of Mississippi v. CGU*, 332 F.3d 885, 888 (5th Cir. 2003). ("We look to state law for rules governing contract interpretation.").

[5] *Clovelly Oil Co., LLC v. Midstates Petroleum*, 112 So.3d 187, 192 (La. 2013), citing *Marin v. Exxon Mobil Corp.*, 48 So. 3d 234 (La. 2010); La. C.C. arts. 1983 and 2045.

[6] La. C.C. art. 2046.

contradicted by parole evidence.[7] "Moreover, when a contract can be construed from the four corners of the instrument without looking to extrinsic evidence, the question of contractual interpretation is answered as a matter of law and summary judgment is appropriate."[8]

**B. Interpretation of the Agreement**

The parties do not contend and this Court does not find that the Agreement is ambiguous. Accordingly, the Agreement will be interpreted based on the four corners of the document and the parties' exhibits that contain parole evidence will not be considered.

The rules of contract interpretation establish that "when a clause in a contract is clear and unambiguous, the letter of that clause should not be disregarded under the pretext of pursuing its spirit, as it is not the duty of the courts to bend the meaning of the words of a contract into harmony with a supposed reasonable intention of the parties."[9] "Most importantly, a contract must be interpreted in a common-sense fashion, according to the words of the contract their common and usual

---

[7] *See* La. C.C. art. 1848.

[8] *Sims v. Mulhearn Funeral Home, Inc.,* 956 So.2d 583, 590 (La. 2007).

[9] *Clovelly Oil Co., LLC v. Midstates Petroleum*, 112 So.3d at 192, citing *Prejean v. Guillory*, 38 So.3d at 279).

5

significance."[10] Furthermore, "each provision in the contract must be interpreted in light of the other provisions so that each is given the meaning suggested by the contract as a whole."[11]

Todd Street contends that the last phrase of Section 4 of the Agreement, which states "Company shall compensate Matrix under the terms and conditions of this Agreement as if this Agreement were in full force and effect," establishes that only Food-N-Fun shall compensate MCMG for a closing that occurs after the expiration of the Agreement. In opposition, MCMG argues that Section 4 of the Agreement, which states "under the terms and conditions of this Agreement as if this Agreement were in full force and effect" should be interpreted in light of Section 3.2 which states, "Seller and Company shall, jointly and severally, compensate Matrix..." such that the two provisions provide that Food-N-Fun and Todd Street, joint and severally, shall compensate MCMG for a closing that occurs after the termination of the Agreement. Therefore, the issue before the Court is whether the interpretation of the Agreement provides that Todd Street and Food-N-Fun should compensate MCMG for a closing that occurs after the termination of the Agreement or if only Food-N-Fun

---

[10] *Clovelly Oil Co., LLC v. Midstates Petroleum*, 112 So.3d at 192, citing *Prejean v. Guillory*, 38 So.3d at 279).

[11] *Richard v. Anadarko Petroleum Corp.*, 850 F.3d 701, 713 (5th Cir. 2017); La. C.C. art. 2050.

should compensate MCMG.

The Agreement was drafted by MCMG and contains numerous sections that reference both the Company and Seller in the same phrase. However, the Agreement also contains references to only the Company without mention of the Seller. Notably, Section 3.1 provides that only the Company shall pay the Valuation fee, Section 3.2 provides that the Company acknowledges and agrees that the compensation due shall be paid as provided in the Agreement, and most importantly Section 4 states that "the Company shall compensate Matrix under the same terms and conditions of this Agreement as if this Agreement were in full force and effect." The parties use of both the Company and Seller in certain sections of the Agreement and the use of only the Company in other sections leads to the reasonable interpretation that the parties intended to specifically identify the provisions that applied only to the Company and the provisions that applied to the Company and Seller.

Based on the parties use of only the Company in Section 4, the Court finds that the parties intended for only Food-N-Fun to compensate MCMG for a closing that occurred after the termination of the Agreement. Therefore, Todd Street is entitled to summary judgment in his favor.

## **CONCLUSION**

Because the reasonable interpretation of the Agreement does not establish that

Todd Street shall compensate the plaintiff for a closing that occurs after the expiration of the Agreement, Todd Street's motion for summary judgment [Rec. Doc. 30] is GRANTED, and the plaintiff's claims against him are dismissed with prejudice.

Signed at Lafayette, Louisiana on this 30th day of January 2018.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE